UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:23-cr-00384-TJK |
| | : | |
| ADE SALIM LILLY, | : | |
| | : | |
| Defendant. | : | |

### STATEMENT OF OFFENSE

**A.    ELEMENTS OF OFFENSE**

The parties in this case, the United States of America and the defendant **ADE SALIM LILLY** ("defendant"), stipulate and agree that the following constitute the elements of the offenses to which he is pleading guilty to.

**Count 2.**  Interstate Communications with a Threat to Kidnap or Injure, in violation of 18 U.S.C. § § 875(c).

 1. The defendant knowingly sent a message in interstate commerce.

 2. The message contained a true threat to injure the person of another.

 3. The defendant acted with recklessness as to whether the communication would be viewed as a true threat.

**Count 7**.  Repeated Telephone Calls, in violation of 47 U.S.C. § 223(a)(1)(D).

 1. The defendant made telephone calls from the state of Maryland and Puerto Rico to the District of Columbia,

 2. The telephone calls were repeated.

 3. The defendant made the repeated telephone calls with the intent to harass the alleged victim.

\* \* \*

B.      **PENALTIES**

Count 2.  A conviction for a violation of 18 U.S.C. § 875(c) carries a maximum sentence of 5 years of imprisonment; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $250,000, a term of supervised release of not more than 3 years, and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

Count 7.  A conviction for a violation of 47 U.S.C. § 223(a)(1)(D) carries a maximum sentence of 2 years of imprisonment; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or $250,000, a term of supervised release of not more than 1 year, and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

C.      **FACTS**

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government or the defendant, but is instead a statement of facts intended to provide the necessary factual predicate for the guilty plea in this case. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for entry of the defendant's plea of guilty. The United States and the defendant agree and stipulate as follows:

1. Beginning on around February 1, 2022 and continuing until his arrest in this case on November 8, 2023, defendant Ade Salim Lilly has made over 12,000 telephone calls to approximately 54 offices of Members of Congress across the country, both in district offices located in various U.S. States and to offices located in Washington, D.C.

2. Of the calls to Congressional offices, more than 6,526 were made by Defendant Lilly to offices within the District of Columbia. Defendant Lilly made the calls to the District of Columbia while he was in the State of Maryland or the territory of Puerto Rico. His calls to the Congressional offices within the District of Columbia were made to a (202) area code phone number and were answered by staff present in the District of Columbia when the calls were answered, or where the phone calls would ring, if they were unanswered.

3. Most of these phone calls were answered by staff members employed by or interning with a Member of Congress. In some of these telephone calls, Defendant Lilly would become angry and use vulgar and harassing language towards the individual who answered the phone. Based upon his harassing communication, Defendant Lilly was repeatedly asked by Congressional staff members to refrain from calling. In addition, police officers of the United States Capitol Police informed Defendant Lilly on multiple occasions that his phone calls were unwanted, and due to a harassing nature, were prohibited by law.

4. In order to avoid detection and to prevent Congressional staff from not answering his phone calls, Defendant Lilly used *67 to mask his phone number.

5. During this course of conduct, Defendant Lilly made at least one phone call that involved threats to kill or injure the person he called:

    a. On October 21, 2022, defendant Lilly called from the State of Maryland into a Congressional office in Washington D.C. R.D., an employee of a Member of Congress answered the phone. During this phone call, Defendant Lilly told R.D. words to the effect of "I will kill you, I am going to run you over, I will kill you with a bomb or grenade." R.D. took this statement as a serious expression of an intent to inflict bodily harm. Defendant Lilly should have reasonably foreseen that the statement he uttered would be taken as threat by the individual to whom it was made.

    b. The Government has uncovered no evidence that the defendant actually planned to carry out the threats by killing or injuring the threatened person.

6. In addition to the threatening phone call above, in at least seven cases, once staff became aware that Defendant Lilly was targeting a particular Congressional office for telephone harassment, staff at the office would cease answering their phone, knowing that Defendant Lilly was calling. In these cases, Defendant Lilly would repeatedly call the office, causing the phone to ring. For example, in a two-day period between February 27, 2023 and February 28, 2023, Defendant Lilly called the D.C. office of one Congressional representative over 500 times.

7. Between February 6, 2023 and February 27, 2023, Defendant Lilly made 200 phone calls to the Office of Congressional Representative #5. These phone calls we made from the District of Puerto Rico to the District of Columbia. The 200 phone calls were repeated and when Defendant Lilly called the phone numbers, forcing them to repeatedly ring, he did so the intent to harass staff members at the called number.

                Respectfully Submitted,

By:    <u>/s/ *Alexander R. Schneider*</u>
        Alexander R. Schneider
        Special Assistant United States Attorney
        601 D Street, N.W.
        Washington, DC 20579
        (202) 252-7124
        alexander.schneider@usdoj.gov

DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Katie D'Adamo Guevara. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 5/21/24

Ade Salim Lilly
Defendant

ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer and have reviewed fully it with my client Ade Salim Lilly. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 5/21/24

Katie D'Adamo Guevara
Attorney for Defendant